*700 The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
On an appeal from a judgment entered after a nonjury trial, the power of this Court “ ‘to review the evidence is as broad as that of the trial court, bearing in mind . . . that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses’ ” (Tornheim v Kohn, 31 AD3d 748, 748 [2006], quoting Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830 [1991]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
The Supreme Court’s determinations, inter alia, that the plaintiff failed to meet its burden of establishing that the defendant Emily S. Brooks breached a fiduciary duty, and that she was entitled to severance compensation pursuant to the terms of the parties’ partnership agreement, were warranted by the *701 facts (see ProHealth Care Assoc., LLP v Shapiro, 46 AD3d 792, 793 [2007]; Greenberg v Joffee, 34 AD3d 426, 427 [2006]; Pro-Health Care Assoc., LLP v April, 4 Misc 3d 1017[A], 2004 NY Slip Op 50919[U] [Sup Ct, Nassau County 2004]; see also Northern Westchester Professional Park Assoc. v Town of Bed-ford, 60 NY2d at 499; Tornheim v Kohn, 31 AD3d 748 [2006]; cf. Graubard Mollen Dannett & Horowitz v Moskovitz, 86 NY2d 112, 118 [1995]; Bronx-Lebanon Hosp. Ctr. v Wiznia, 284 AD2d 265, 265-266 [2001]; Gibbs v Breed, Abbott & Morgan, 271 AD2d 180, 182-189 [2000]). We find no reason to disturb those determinations.
Moreover, the parties’ partnership agreement provides that if any party thereto prevails in a judicial proceeding “concerning any provision of [the] agreement or the rights and duties of any person in relation thereto,” then that party is entitled to an award of a reasonable attorney’s fee. Contrary to the Supreme Court’s determination, Brooks prevailed on all her claims and, therefore, she was entitled to an award of a reasonable attorney’s fee (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; Mancheski v GGCP, Inc., 41 AD3d 790, 791 [2007]; Village of Hempstead v Taliercio, 8 AD3d 476 [2004]; Fatsis v 360 Clinton Ave. Tenants Corp., 272 AD2d 571 [2000]).
The plaintiffs remaining contention is without merit. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.